IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Taylor, #258185, | ) Civil Action No. 9:11-2737-JFA-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Warden, Michael McCall; Grievance Coordinator, Ms. Snyder; Disciplinary Hearing officer, and R. L. Turner, in their individual capacity, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants, all Department employees.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 5, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 6, 2012, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response together with his own motion for summary judgment on June 25, 2012, following which the Defendants filed a response memorandum on July 18, 2012.



These motions are now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified Complaint[2] that on March 8, 2011, he was taken before an institutional disciplinary hearing on the charge of threatening to inflict harm/assaulting an employee and/or member of the public. Plaintiff alleges that he was found guilty of this disciplinary charge, but that his hearing (conducted by the Defendant Turner) was conducted without a tape recording of the proceedings in compliance with mandatory SCDC policy.

Plaintiff alleges he filed a Step 1 Grievance appeal alleging that Turner had violated prison policy by not tape recording the proceedings, and that upon review of the documentation from the disciplinary record the Defendant Snyder (the Grievance Coordinator) attempted to listen to the hearing tape and discovered that the hearing "was not tape[d]". Plaintiff alleges that Snyder recommended that his disciplinary conviction be dismissed or reheard, following which the Defendant McCall (the Warden) approved a rehearing due to the fact that there was no tape recording of the original proceedings. Plaintiff alleges, however, that under SCDC Policy OP.22.14, before the Warden can approve a rehearing it must first be approved by the "Division of Operations", and that the Warden never submitted a request to the Division of Operations for a rehearing. Plaintiff further alleges that no rehearing was conducted.

Plaintiff alleges that as a result of the "illegal" disciplinary hearing, he received

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these motions are dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



numerous sanctions to include 180 days disciplinary detention, 360 days visitation suspension, 360 days loss of canteen privileges, 360 days loss of telephone privileges, and 6 days lost of good time. Plaintiff alleges he served the full 180 days disciplinary detention notwithstanding this "illegal" conviction, and that "no one has attempted to correct this illegal violation, which is a violation of my due process [rights]". Plaintiff asks for compensation for the days he spent in lock up, as well as other monetary damages. See generally, Verified Complaint.

Plaintiff has attached as exhibits to his Complaint a copy of a Step 2 Inmate Grievance form for Grievance No. PCI-627.11, wherein his grievance was denied, as well as a copy of a Request to Staff Member form dated September 5, 2011, in which Plaintiff is requesting copies of documents. See Exhibits.

In support of summary judgment in the case, the Defendants have submitted an affidavit from Sergeant T. Ragland, who attests that he is a Sergeant with the South Carolina Department of Corrections, assigned to the Perry Correctional Institution, and that on February 13, 2011 he was doing cell checks when he observed the Plaintiff holding a mirror out of the observation window of his cell door. Ragland attests that he directed Plaintiff to give him the mirror, and that if he failed to do so he would be "pulled and his cell searched". Ragland attests that Plaintiff responded by cursing and threatening him with physical harm if he [Ragland] entered Plaintiff's cell. Ragland attests that he therefore charged Plaintiff with threatening to inflict harm/assaulting an employee and/or member of the public. A copy of Ragland's Incident Report concerning this incident is attached to his affidavit as Exhibit A. Ragland attests that Plaintiff was thereafter convicted of this charge at a disciplinary hearing held on March 8, 2011. A copy of the Disciplinary Report and Hearing Record is attached to Ragland's affidavit as Exhibit B. See generally, Ragland

Affidavit, with attached Exhibits.

The Defendant Richard Turner has submitted two affidavits (one with the Defendants' motion for summary judgment and one with the Defendants' response to Plaintiff's motion for summary judgment), in which he attests that he is a Disciplinary Hearing Officer (DHO) with the Department of Corrections. Turner attests that he was the DHO at Plaintiff's hearing on March 8, 2011, and that he conducts all disciplinary hearings in accordance with SCDC Disciplinary Policy. Turner further attests that he always attempts to record the disciplinary hearings he conducts, but that occasionally technical problems occur and the hearing is not recorded properly. Turner attests that he has never stopped a hearing tape intentionally to prevent the Plaintiff or any other inmate from stating a defense during a disciplinary hearing. See generally, Turner Affidavits.

The Defendant McCall has also submitted two affidavits (one with each filing by the Defendants) wherein he attests that he is a Warden with the Department of Corrections, and that at the time period of Plaintiff's Complaint he was the Warden at the Perry Correctional Institution, where Plaintiff was housed. McCall attests that he has reviewed Plaintiff's Step 1 appeal of his disciplinary conviction (Grievance No. PCI-627-11, a copy of which is attached to his affidavit as Exhibit A. In Plaintiff's Step 1 grievance, he asserts that his disciplinary conviction should be reversed because his hearing was not tape recorded. The "Action Taken" section of this Step 1 Grievance (signed by the Defendant Snyder) reads: "Reviewed disciplinary documentation, considered reasons for appeal, and attempted to listen to tape; however, the hearing was not recorded in compliance with OP-22.14 Policy and Procedure. Recommend dismissal or rehearing". See McCall Affidavit, attached Exhibit A. McCall attests that he was informed by the Inmate Grievance Coordinator that there was a problem with the tape recording of this disciplinary hearing, and that



due to the seriousness of the offense, he felt that it was appropriate to hold a rehearing. Consistent with this statement, Exhibit A to McCall's affidavit reflects that, under the "Warden's decision and reason" section of the Step 1 Grievance form, Warden McCall found "[u]pon investigation, it was discovered that [Plaintiff's] hearing was not tape recorded as required by OP-22.14. Due to the seriousness of this offense, however, I am approving a rehearing. Accordingly, this grievance is upheld in part and denied in part". McCall attests that SCDC policy OP-22.14 provides that "where exceptional circumstances are found to exist, the Division of Operations may order that a disciplinary case be reheard," and that he would have obtained the necessary authorization from the Division of Operations prior to holding a disciplinary hearing. McCall attests that he was in the process of requesting the necessary authorization when Plaintiff appealed his decision regarding the disciplinary conviction. McCall attests that, to the best of his knowledge, no rehearing was requested because of Plaintiff's appeal of his Step 1 decision. See generally, McCall Affidavits.

As noted, Plaintiff's Step 2 appeal of his grievance was denied. See Plaintiff's Exhibit [Attachment to Complaint].³ Plaintiff then appealed this decision to the Administrative Law Court, which he is allowed to do under South Carolina law. The evidence reflects that during the pendency of this appeal, the Department of Corrections filed a motion to dismiss, stating that, after a meeting with the Office of General Counsel, the Division of Operations had decided to overturn Plaintiff's conviction because of procedural errors in the hearing process, and that all sanctions

---

³This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step 1), the inmate may then appeal the Warden's decision by filing a Step 2 appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



imposed, including the 6 days of lost good time, had been lifted. Therefore, Plaintiff's Administrative Law Court Appeal was dismissed as moot. See Defendants' Exhibit [Order of Dismissal dated October 25, 2011].

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendants argue in their motion for summary judgment that the evidence before the Court clearly shows that there has been no violation of Plaintiff's constitutional rights, and that in any event all of Plaintiff's sanctions have now been lifted and his good time restored, and that this case should therefore be dismissed. Plaintiff argues in his motion for summary judgment that he is entitled to damages because he served the 180 day lockup time and also was without his other rights



(telephone privileges, etc.) during the time prior to his conviction being vacated. After review of the arguments and evidence submitted in this case, the undersigned finds and concludes for reasons set forth hereinbelow that Plaintiff has failed to establish a constitutional violation by any named Defendant or entitlement to damages, and that this case should therefore be dismissed.

While Plaintiff alleges a due process violation, in the prison disciplinary setting an inmate is entitled to only a minimal standard of due process, and if the following requirements are satisfied, prison officials have met this minimal standard:

1. Advance written notice of the charges;

2. A written statement, citing the evidence on which the decider relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004). Here, the evidence clearly shows that Plaintiff was given advance written notice of the charge, that he was advised that the matter was being referred to the DHO for hearing, and that he was provided with a Notice of Hearing before the DHO as well as with a copy of his Inmate Rights. Plaintiff signed these documents. See Ragland Affidavit, attached Exhibit B. The DHO hearing was thereafter conducted on March 8, 2011, at which Plaintiff was present,[4] following which the DHO found Plaintiff guilty of the charge, setting out in writing the reasons for his findings and conclusion, and particularly noting the testimony of Sergeant Ragland concerning the events at issue. See

---

[4] The Disciplinary Report and Hearing record indicates that, at some point during the hearing, Plaintiff left the hearing of his own accord while making unintelligible comments to the DHO and security staff.



Ragland Affidavit, and attached Exhibit B.

The undersigned can find no due process violation in this evidence, and indeed Plaintiff does not contest in his Complaint that he was afforded a disciplinary hearing which resulted in a finding of guilt. Rather, his due process claim rests on the fact that there was no verbatim tape recording of his hearing available, which he states is required by SCDC policy OP-22.14. However, even assuming for purposes of summary judgment that the Defendant Turner intentionally did not tape record this proceeding, a finding for which there is no evidence, that does not mean that a due process violation occurred or that Plaintiff is entitled to any damages.

First, to the extent Plaintiff contends that Turner's conduct, or the conduct of either of the other two Defendants, violated prison policies and/or procedures, that is not in an of itself a compensable claim in a § 1983 action. Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]); see also Scott v. Hamidullah, No. 05-3027, 2007 WL 904803 *5 n.6 (D.S.C. Mar. 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]).

Further, as has previously been noted, there is no evidence that Plaintiff did not receive the process he was due under Wolff and its progeny. See discussion, supra. The fact that



Plaintiff did not have an intelligible recording of his hearing to listen to does not, standing alone, evidence a due process violation. Williams v. Superintendent, Indiana State Prison, No. 12-89, 2012 WL 2459306 at * 1 (N.D.Ind. June 27, 2012) ["[H]aving a recorded hearing is not one of the things guaranteed to prisoners by Wolff v McDonnell."] (citing White v. Henman, 977 F.2d 292, 294 (7th Cir. 1992)["[p]rison disciplinary proceeding are - and so far as the Constitution is concerned may remain - informal hearings conducted without a record."]; Baxter v. Palmigiano, 425 U.S. 308 (1976)).

Additionally, his conviction and resulting sanctions have now been lifted, and he has therefore incurred no loss of good time credits nor any of the other continuing sanctions imposed. The fact that Plaintiff did temporarily incur some sanctions while his grievance was on appeal, to include a period of lockup and the loss of some privileges, does not entitle Plaintiff to any damages as long as he was afforded his due process rights. See Sandin v. Connor, 515 U.S. 472, 478 (1995)[The "Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner"]; Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994) [the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed]; Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997) ["[A] prisoner does not have a constitutional right to be housed at a particular institution,..., [or] to receive a particular security classification...."]; Ordaz v. Lynaugh, 20 F.3d 1171, at * * 2 (5th Cir. 1994)["Wolff . . . does not determine the procedural requirements for disciplinary action such as restriction of commissary privileges."]; Bazzetta v. McGinnis, 430 F.3d 795, 802-05 (6th Cir. 2005)[regulation banning virtually all visitation for inmates found guilty of two or more violations of major misconduct charge of substance abuse



was not a dramatic departure of a typical and significant hardship in relation to ordinary incidents of prison life necessary to implicate a state-created liberty interest, and thus did not rise to level of egregious conduct necessary to violate the guarantees of Fourteenth Amendment's procedural due process clause]; Tarney v. Boles, 400 F. Supp.2d 1027, 1040 (E.D. Mich. 2005)[inmate's loss or restriction of telephone privileges for disciplinary reasons is not considered an atypical significant hardship, even when the disciplinary charges are allegedly false, and therefore does not implicate a liberty interest protected by due process]; Papadakis v. Director, No. 08-670, 2010 WL 1753358 at * 2 (E.D.Tex. Apr. 8, 2010)["[B]eing placed in disciplinary confinement, losing commissary and property privileges for thirty days, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."] (quoting Sandin, 515 U.S. 472).

In order to state a § 1983 claim for damages for the action alleged, Plaintiff would have to present evidence sufficient to give rise to a genuine issue of fact that the Defendants' decision in his case was arbitrary, capricious, or based on some other unlawful motive. See generally, Sandin, 515 U.S. at 486; Crowe v. Leeke, 259 S.E.2d 614, 615 (1979); Davidson v. Cannon, 474 U.S. 344, 347 (1986)["The Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property . . . [W]here a government official is merely negligent in causing [the] injury, no procedure for compensation is constitutionally required"]. Plaintiff has presented no such evidence.

## Conclusion

Based on the foregoing, it is recommended that the Plaintiff's motion for summary judgment be **denied**, the Defendants' motion for summary judgment be **granted**, and that this case



be **dismissed**.

> The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 21, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

